IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 MAR -1 A 11: 20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| HOME OIL COMPANY, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:07-CV-184-WKW |
| FLYING J INC., | ) |
| Defendant. | ) |

**COMPLAINT SEEKING
PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

Plaintiff Home Oil Company, Inc. ("Home Oil"), seeks entry of preliminary and permanent injunctions pursuant to *Alabama Code* § 8-22-17 and Rule 65 of the *Federal Rules of Civil Procedure*, against Flying J, Inc. (hereinafter "Flying J"). As grounds in support of this complaint, Plaintiff states as follows:

1. Plaintiff is an Alabama corporation with its principal place of business in Cowarts, Houston County, Alabama, which markets gasoline at wholesale and retail in Alabama, including Dothan, Houston County, Alabama. Home Oil operates, among other locations, a Chevron-branded location at 2520 South Oates Street, Dothan, Alabama, which is across the street from Defendant's premises.

2. Defendant Flying J is a Utah corporation with its principal place of business at 50 West 990 South, Brigham City, Utah 84302. Flying J engages in business in Alabama, including operating a retail gasoline facility, Travel Plaza/Truck Stop, at 2190 Ross Clark Circle in Dothan, Alabama.

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332

based on the diversity of citizenship of the parties as set forth in paragraphs 1 and 2 hereinabove. The value of the relief sought by Plaintiff to include preliminary and permanent injunctive relief and attorney fees exceeds the amount in controversy threshold of $75,000.00, exclusive of interest and costs.

4. Plaintiff seeks injunctive relief against Defendant for violation of the below cost prohibitions set forth in *Alabama Code* § 8-22-1, *et seq.* (1975), as amended, the "Alabama Motor Fuel Marketing Act" ("AMFMA") which reads, in pertinent part:

> § 8-22-6 Certain below cost fuel sales prohibited.
>
> It shall be unlawful for any person engaged in commerce in this state to sell or offer to sell motor fuel below cost or to sell or offer to sell it at a price lower than the seller charges other persons on the same day and on the same level of distribution, within the same market area, where the effect is to injure competition.

5. Section 8-22-17 expressly provides for the remedies, including injunctive relief, sought by Plaintiff herein. Section 8-22-17 makes the granting of injunctive relief mandatory upon certain showings. That section provides in part:

> (a) Any person injured by any violation, or who would suffer injury from any threatened violation, of this chapter may maintain an action in any court of equity jurisdiction to prevent, restrain, or enjoin such violation or threatened violation. If in such action a violation or threatened violation of this chapter shall be established, the court <u>shall</u> enjoin and restrain, or otherwise prohibit, such violation or threatened violation and, in addition thereto, the court shall assess in favor of the plaintiff and against the defendant the costs of the suit, including reasonable attorney's fees. (emphasis added).

6. Plaintiff seeks only injunctive relief pursuant to § 8-22-17. Plaintiff seeks no monetary damages as otherwise allowed under § 8-22-17(a) and (b). Plaintiff does seek the award of attorney's fees and costs as authorized under § 8-22-17.

2

7. Plaintiff is an injured person within the meaning of Alabama Code § 8-22-17(a). It is injured, among other ways, in that Defendant's illegal practices have cost it sales and gross gasoline margin. Therefore, Plaintiff is the proper person to seek the relief requested. The hardship imposed on Defendant by the issuance of a preliminary injunction will be far less than the continued financial injury and hardship which will be imposed upon Plaintiff if such injunctive relief were denied.

8. Section 8-22-6 of the AMFMA prohibits the offer to sell and the sale of motor fuel below cost where the effect is to injure competition. Section 8-22-4(16) defines "cost to retailer" such as Defendant as:

> ...the invoice or replacement cost of the motor fuel within five days prior to the date of sale, in the quantity last purchased, whichever is less, less all trade discounts except customary discounts for cash, to which should be added all applicable state, federal and local taxes, inspection fees, freight cost, if paid by the retailer, plus the cost of doing business.

9. At various times since Defendant opened for business at 2190 Ross Clark Circle, Dothan, Alabama, on February 6, 2007, Defendant has offered to sell and has sold motor fuel to retail customers at prices that were lower than its cost as defined by the AMFMA. These offers to sell and sales were made with the intent and had the effect of injuring competitors, to include Plaintiff.

10. By way of example only, Defendant has offered to sell and sold regular unleaded gasoline at prices ranging from $1.959 per gallon on its opening day, to $1.969 per gallon and as of February 23, 2007, at $1.999 per gallon. Plaintiff contends all such prices are below cost as defined in the AMFMA and were made with the intent and had the effect of injuring competition, including Plaintiff. Plaintiff contends these prices were/are below Defendant's "laid-in" cost being the rack price plus all applicable fees and taxes, plus freight.

11. The Act further recognizes that the true cost of the product to the Defendant must also include a cost of doing business as defined in the Act at § 8-22-4(17). As noted, Plaintiff alleges that since opening, Defendant's pricing practices reveal that Defendant sold gasoline at effective prices which were below Defendant's delivered terminal, or "laid-in", price even before adding a reasonable cost of doing business variable.

12. Defendant's offers to sell and sales of regular unleaded gasoline and other grades of gasoline at this outlet since its opening on February 6, 2007 have regularly been below cost and constitute a violation of § 8-22-6 of the AMFMA. These violations continue as of the filing of this action.

13. The offers to sell and sales of gasoline made by Defendant were undertaken with the intent and the effect of injuring Plaintiff and other competitors in the Dothan and Houston County gasoline market. These illegal pricing practices have already damaged Plaintiff's business, and caused irreparable harm, and if these violations are allowed to continue, the Defendant will cause and continue to cause irreparable harm to Plaintiff and other competitors.

14. Section 8-22-17 of the Act provides that a court of equity may restrain or enjoin any violation or threatened violation of the Act, and that successful Plaintiffs shall be awarded the costs of suit including reasonable attorneys' fees. Plaintiff is entitled to an injunction to stop Defendant's illegal activities together with an award of costs and reasonable attorneys' fees.

15. The granting of preliminary and permanent injunctions against Defendant will serve the public interest by prohibiting Defendant from continuing to engage in the type of unfair and predatory practice that the Legislature expressly found to be harmful to the public interest.

WHEREFORE, Plaintiff Home Oil prays that this Court enter preliminary and permanent

injunctions prohibiting Defendant Flying J from selling any grade of motor fuel at retail prices below Defendant's "cost to retailer" of such motor fuel, as provided for in the Alabama Motor Fuel Marketing Act. Further, Home Oil asks this Court to award it all reasonable fees and costs herein as provided in § 8-22-17(a), and such further equitable relief to which Plaintiff may be entitled.

Dated this 1st day of March, 2007.

_____
H. Dean Mooty, Jr. (MOO018)
Attorney for Plaintiff, Home Oil Company, Inc.

OF COUNSEL:

MOOTY & ASSOCIATES, P.C.
600 Clay Street
Montgomery, Alabama 36104
Telephone:   (334) 264-0400
Facsimile:    (334) 264-0380
E-mail:         hdm@mooty-assoc.com